GALINGER v. TANNENBAUM. (No. 7082.)

(Supreme Court, Appellate Division, First Department. April 9, 1915.)

1. FRAUD ☞59—ACTION FOR DAMAGES—MISREPRESENTATION—DAMAGES.
  In a suit for misrepresentations in the sale of goods, the seller, the property having been sold on foreclosure, is entitled to credit for the purchase price of those goods bought in by the buyer.
  [Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 60–62, 64; Dec. Dig. ☞59.]

2. FRAUD ☞64—ACTION—DAMAGES—JURY QUESTION.
  The question of damages for misrepresentation in the sale of goods is for the jury.
  [Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 65½, 67–71; Dec. Dig. ☞64.]

Appeal from Trial Term, New York County.

Action by Harry H. Galinger against Max M. Tannenbaum. From a judgment for plaintiff, and an order denying new trial, defendant appeals. Reversed and remanded.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Leo Oppenheimer, of New York City, for appellant.
L. J. Morrison, of New York City, for respondent.

PER CURIAM. [1, 2] The court charged that, if the jury found for the plaintiff on the issue of false representation, their verdict should be for $7,700, the full amount of plaintiff's claim. The proof showed that plaintiff had at a foreclosure sale bought in a portion of the material, which, as we understand the testimony, was the part concerning which he alleged he had been deceived. If such was the case, defendant was entitled to be credited with the purchase price. What, if any, further credits defendant may have been entitled to, arising out of the disposition by plaintiff of other portions of the material covered by the transaction between the parties, it is impossible on this record for us to determine. In any event, the question of damages was for the jury and not for the court. On the new trial the testimony can be made sufficiently clear to permit the determination of any question arising on this point. On the question of false representations the verdict was against the weight of evidence.

For this reason the judgment and order should be reversed, and a new trial granted, with costs to appellant to abide the event.